LILLEHAUG, Justice (concurring).
I agree with the result, but arrive at it the same way as the district court and the court of appeals: the statute's language is plain and unambiguous.
Both Craig Dollansky and Karavan Trailers, Inc. were insured by the policy that Karavan purchased from Depositors Insurance Company. Dollansky was therefore one of Depositors' insureds-"its insured," in the words of the statute, Minn. Stat. § 60A.41(a) (2016). No one argues that the vehicle fire was caused by any intentional act of Dollansky. Yet Depositors proceeded against him, its insured, in a subrogation action. This the statute flatly prohibits. Depositors' subrogation proceeding is barred.
Of course, it's conceivable that, when it passed subdivision (a), the Legislature was thinking about barring proceedings against "named" insureds. Or conceivably the Legislature was thinking about barring proceedings against insureds covered by the specific part of the policy triggered by the *693 loss. The problem is, the words of subdivision (a) do not even hint at either limitation.
By contrast, subdivision (b) of the same statute differentiates between an "insured" and the "other person ... insured for the same loss." Minn. Stat. § 60A.41(b) (2016). This distinction shows that, when it sees fit, the Legislature knows how to limit the word "insured" or differentiate between kinds of insureds. But it did not see fit to do either in subdivision (a). We do not, and cannot, add to a statute words or meaning that were intentionally or inadvertently left out by the Legislature. Rohmiller v. Hart , 811 N.W.2d 585, 590 (Minn. 2012) ; Genin v. 1996 Mercury Marquis , 622 N.W.2d 114, 117 (Minn. 2001).
Because the words of the statute are clear and bar Depositors' subrogation proceeding, I respectfully concur.
I join in the concurrence of Justice Lillehaug.
DISSENT